UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARCUS A. HARRIS,<br><br>               Petitioner,<br><br>vs.<br><br>THE STATE OF IDAHO, *et al.*,<br><br>               Respondents. | Case No.  1:25-cv-00686-REP<br><br>**INITIAL REVIEW ORDER** |

**BACKGROUND**

Pending before the Court is Petitioner Marcus A. Harris' Petition for Writ of Habeas Corpus challenging his Idaho state court conviction. Dkt. 1. Petitioner was convicted by jury of the crime of aggravated battery on July 31, 2024. *Id*. at 11. About five months later, after a sentencing hearing, Ada County District Judge Annie O. McDevitt entered a judgment of conviction on December 11, 2024. *Id*. at 14.

After trial but before sentencing, Petitioner filed a notice of appeal on September 10, 2024. Because the final judgment of conviction had not yet been entered, the Idaho Supreme Court issued an order of conditional dismissal, requiring Petitioner to show that

**INITIAL REVIEW ORDER - 1**

a final judgment had been entered. Dkt. 1 at 20. On December 30, 2024, the notice of appeal was dismissed because it had been filed too early. *Id*. at 21.

Petitioner filed another notice of appeal on February 14, 2025. *See* Dkt. 1 at 22. Because the judgment of conviction had been entered on December 11, 2024, and he was required to file a timely appeal within 42 days after entry of judgment, an order conditionally dismissing the new notice of appeal was issued. *Id*. Petitioner filed several documents in response, including a "Motion to Hold Prosecutor and Judge in Criminal Contempt" asserting that Judge McDevitt did not enter a timely judgment, did not notify him of entry of judgment, and submitted a fraudulent document she had forged. *Id*. at 5, 23. The Idaho Supreme Court considered Petitioner's response but dismissed the appeal on March 25, 2025, because the notice of appeal had been filed too late.

Petitioner filed this federal Petition for Writ of Habeas Corpus on December 3, 2025 (mailbox rule date).

## STANDARD OF LAW

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 2**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Unless a petitioner has exhausted state court remedies, a federal district court generally is prohibited from hearing the merits of the claim. Failure to properly exhaust a claim in the Idaho Supreme Court results in the "procedural default" of the claim in federal court.

## DISCUSSION

Having reviewed the Petition, the Court concludes that Petitioner may proceed to a threshold determination of whether his claims are procedurally defaulted because the Idaho Supreme Court dismissed the appeal on state procedural grounds instead of hearing any of Petitioner's claims on the merits. Petitioner will have an opportunity to show that the claims are properly exhausted or that the claims meet one of several exceptions to the rule of exhaustion.

## AMENDMENT REQUIRED

The Petition must be amended to clarify the claims. Some of the claims are in narrative form without any reference to a constitutional violation and 33 other claims are simply a list of legal causes of action (some constitutional provisions of law) without any

facts. To be actionable, each claim must be a set of facts presented under a federal legal cause of action (a constitutional amendment). Petitioner will be required to amend the Petition before the Court can hear and decide the procedural default issue. He need not re-file his exhibits.

Another problem is that Petitioner has not named a proper respondent. A court entertaining a petition for a writ of habeas corpus must have jurisdiction over the respondent. The proper respondent when the petitioner is in custody is the person who has authority to produce the petitioner-prisoner if a writ issues. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Failure to name a proper respondent deprives the Court of jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner also must not include a list of state actors who are not his custodians as respondents in his amended petition. A habeas corpus action is not like a civil rights action asserted against multiple individuals, but is against only Petitioner's current custodian, regardless of whether other individuals are responsible for the alleged constitutional violations.

In preparing his amended petition, Petitioner must follow these guidelines: First, it must contain all of Petitioner's federal claims. The amended petition will completely replace all other prior petitions submitted in this action.

Second, it must contain a one-paragraph statement of the crimes of which he is convicted, the sentences pronounced, the date of judgment if known, the state court that

entered the judgment, the state court case number if known, and whether Petitioner pleaded guilty or went to trial on each conviction.

Third, the amended petition must be organized in a neat and orderly claim-by-claim manner. Each of the more than 33 claims must contain two supporting subsections (a) its federal legal basis (which can be a citation to a constitutional provision or amendment, like "the Fifth Amendment," or a one-sentence description of its unconstitutionality without a legal citation, like, "this violated my right to confront my accusers in open court"); and (b) the facts supporting the claim, including how it damaged his defense.

The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal within 90 days after Petitioner files his amended petition. The Court will entertain a motion from Respondent regarding procedural default if the remainder of the record supports the Court's preliminary conclusion.

## ORDER

**IT IS ORDERED:**

1. Within **30 days** after entry of this Order, Petitioner shall file an amended petition, consistent with the guidelines set forth above, naming the sheriff or jail official who has custody of him as the proper respondent in this action.

2. The Clerk of Court shall serve (via ECF) a copy of the Petition and supplement (Dkts. 1, 2), together with a copy of this Order, on L. LaMont Anderson, on behalf of Petitioner's custodian, at Mr. Anderson's registered ECF address. A copy of the thumb-drive provided to the Clerk with Docket 2 may be requested from the pro se law clerk.

3. Within **90 days** after Petitioner files his amendment, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

4. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

7. If Petitioner fails to file an amended petition, the Court will dismiss the petition without prejudice on Rule 41(b) grounds (failure to follow a court order).

8. No party shall file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

**INITIAL REVIEW ORDER - 7**

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

**INITIAL REVIEW ORDER - 8**

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: March 13, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**INITIAL REVIEW ORDER - 9**