UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MARCUS A. HARRIS,

Petitioner,

vs.

THE STATE OF IDAHO, *et al.*,

Respondents.

Case No. 1:25-cv-00686-AKB

**SUCCESSIVE REVIEW ORDER**

## BACKGROUND

Pending before the Court is Petitioner Marcus A. Harris' Motion to Amend Petition and proposed Amended Petition. Dkts. 6, 6-1. In addition, several other motions are ripe for adjudication.

## REVIEW OF AMENDED PETITION

Petitioner resides in the Idaho State Correctional Institution, an Idaho Department of Correction (IDOC) facility. Petitioner requests in his Amended Petition that the Elmore County Jail be named a respondent. Because this is inappropriate, the request will be denied. The proper respondent for a petitioner who is in custody is the person who has authority to produce the prisoner if a writ issues. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Failure to

**SUCCESSIVE REVIEW ORDER - 1**

name a proper respondent deprives the Court of jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Magistrate Judge Raymond E. Patricco gave Petitioner specific instructions for amending his Petition. Petitioner did not follow those instructions. He cannot proceed on the Amended Petition, and it will be stricken. The Clerk of Court will be instructed to send Petitioner a second copy of the Initial Review Order and a simplified habeas corpus form. Petitioner must follow the instructions in that Order. Failure to do so may result in dismissal of this action for failure to state a claim.

Judge Patricco also warned Petitioner that his direct appeal claims were not heard on the merits by the Idaho Supreme Court, and that Petitioner must clarify whether he presented any of his federal claims to the state courts in a post-conviction action. The amended petition should clarify whether Petitioner pursued or is pursuing state post-conviction relief. If he did pursue or is pursing post-conviction relief, he must state which of his federal habeas corpus claims were included in the state post-conviction relief petition.

If Petitioner has not presented his claims to the Idaho Supreme Court in a procedurally proper manner, then they will be procedurally defaulted in this matter, and cannot be heard without Petitioner making additional showings to excuse the procedural default. Petitioner has not included this information in his Amended Petition, but will be given leave to file a second amended petition.

Petitioner requests appointment of counsel. A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where

**SUCCESSIVE REVIEW ORDER - 2**

required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Presently, neither discovery nor an evidentiary hearing is needed. Petitioner has been given simple and adequate instructions for amendment and will be provided with a habeas corpus form to use.

If Petitioner is permitted to proceed and Respondent files a motion based on procedural grounds, Respondent must provide the standard of law in briefing. Because the Court is aware that few habeas corpus petitioners qualify for appointment of counsel, the Court conducts its own independent research and does not rely solely on the arguments contained in the state court record or Respondent's citations and arguments here.

For these reasons, the motion for appointment of counsel will be denied at this time, but the Court will reconsider Petitioner's request for appointment of counsel at each phase of litigation, including procedural challenges, without the need for him to file another motion. In addition, if Petitioner finds that he needs additional time to submit responses to any orders or motions, the Court ordinarily will grant reasonable motions for extensions of time based on a litigant's pro se status.

## REVIEW OF MOTIONS

A person named Brandie Meiller, who claims to have power of attorney for Petitioner, has filed a "Motion to Correct Docket Errors." Dkt. 17. Even if a person has a duly-executed and valid power of attorney, that person cannot file documents or appear in a case for another person unless

**SUCCESSIVE REVIEW ORDER - 3**

that person is a lawyer licensed in Idaho. *See Wayne v. Johnson*, 48 F. App'x 679 (9th Cir. 2002) ("a power of attorney does not confer standing to assert another party's constitutional claims or authority to represent another party in court"). This motion shall be stricken, and Brandie Meiller will be ordered to cease filing documents in this case.

Petitioner has filed a motion requesting that the Court enjoin the IDOC from transferring him to an Arizona prison. Petitioner states that "three Idaho inmates have been murdered inside these Arizona facilities within short periods of time in between each murder." Dkt. 22 at 3. However, he provides no facts to support these claims.

There is no constitutional right to be housed in a particular unit in prison or the facility of one's choice. *See Meachum v. Fano*, 427 U.S. 215, 255 (1976), and *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (First Amendment claims). Petitioner's motion will be denied.

## ORDER

**IT IS ORDERED:**

1. The Motions for Extension of Time (Dkt. 5, 7) are DENIED as MOOT.

2. The Amended Petition (Dkt. 6) is STRICKEN.

3. Within **30 days** after entry of this Order, Petitioner shall file a neat and legible amended petition, consistent with the guidelines set forth above, naming the prison warden who has custody of him as the proper respondent in this action.

**SUCCESSIVE REVIEW ORDER - 4**

4.  The Motion for Appointment of Counsel (Dkt. 6) is DENIED.

5.  The Motion to Correct Docket Errors (Dkt. 17) is STRICKEN.

6.  Brandie Meiller shall not file anything further in this case.

7.  The Motions to Deny Transfer of Marcus A. Harris to Arizona (Dkts. 22, 23) are DENIED.

8.  The Clerk of Court shall provide Petitioner with a copy of the habeas corpus form with his copy of this Order.

DATED: July 31, 2026

Amanda K. Brailsford
U.S. District Court Judge

**SUCCESSIVE REVIEW ORDER** - 5